IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE MCPEEK and JONATHAN K. HERGERT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   2:06-cv-114 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition are PLAINTIFFS' MOTION TO COMPEL (*Document No. 32*), and DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR PROTECTIVE ORDER (*Document No. 34*). The motions are mirror-images that address the same substantive topics. The issues have been fully briefed, oral argument has been presented and the matter is ripe for disposition. For the reasons which follow, both motions will be granted in part and denied in part.

Background and Procedural History

On January 27, 2006, Plaintiffs Annette McPeek and Jonathan K. Hergert ("McPeek" and "Hergert," and collectively "Plaintiffs") filed a three-count Complaint against Defendant Travelers Casualty and Surety Company of America ("Defendant"). Count I seeks a declaration of their right to the advancement of their defense expenses in a related action (the Gilliland Action) presently pending before the undersigned. Counts II and III allege that Defendant's refusal to advance their defense expenses constitutes statutory bad faith under 42 Pa.C.S.A. § 8371 and the common law, respectively.

On May 10, 2006, the Court issued a Memorandum Opinion and Order denying Plaintiffs' motion for preliminary injunction but concluding, based on the unambiguous language of the Policy, that coverage should have been extended in the Gilliland Action. Travelers then reimbursed Plaintiffs' defense costs in the Gilliland Action and has complied with the Court's

conclusion. Travelers recognizes that the Court's Order, and Travelers' compliance with its findings, leaves nothing for this Court to decide with regard to Count I, even though the decision occurred in the context of a preliminary injunction. Indeed, Travelers agrees, subject to its right to appeal, to entry of a final order that Travelers is obligated to advance Plaintiffs' defense costs in the Gilliland Action. Accordingly, the Court hereby confirms its order that Travelers must advance Plaintiffs' defense costs in that case.

## Discussion

Plaintiffs' motion to compel seeks discovery of several categories of documents to which Defendant objects: (1) all claim files from 2001-present in which the Complaint accused the Insured of negligent or fraudulent misrepresentation; (2) all claim files from 2001-present in which Travelers denied coverage due to the Contract Exclusion; (3) the reinsurance file; (4) depositions of Brett Arruda, the purported decision-maker, and of a Rule 30(b)(6) corporate representative to discuss drafting history, the meaning of the exclusion and the basis for the denial of coverage; and (5) certain documents withheld due to the work-product or attorney/client protection. Defendant's motion for protective order proposes that all further discovery be stayed until after its pending motion for partial summary judgment is resolved.

The Court concludes that a middle ground is most appropriate, and will permit some narrowly-targeted discovery prior to ruling on the partial summary judgment motion. The Court will deny the more wide-ranging discovery sought by Plaintiffs without prejudice to renew their requests after the decision on summary judgment. Specifically, the Court authorizes the following: (1) production of all documents relied upon by Travelers in making the initial decision to deny coverage. The Court appreciates defense counsel's offer to explore redaction and to reevaluate the assertions of privilege. The parties are strongly encouraged to resolve disputes regarding the production of any particular document. To the extent that the parties cannot resolve such disputes, any document(s) at issue shall be provided *in camera* and the parties'

respective briefs shall be filed on or before November 17, 2006.  (2) A deposition of Brett Arruda, to be held in Hartford, CT on or before December 1, 2006.  Travelers shall reimburse Plaintiffs' counsel for the transportation costs incurred for this deposition.  Plaintiffs shall be entitled to inquire into the basis for the decision to deny coverage, but shall not be permitted to explore drafting history, the application of the Contract Exclusion to other unrelated claims, reinsurance, or the other topics to which Defendant has objected.  (3) Plaintiffs' response to the pending motion for partial summary judgment shall be due on or before December 29, 2006.

AND NOW, this 3rd day of November, 2006, in accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFFS' MOTION TO COMPEL (*Document No. 32*), and DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR PROTECTIVE ORDER (*Document No. 34*) are **GRANTED IN PART and DENIED IN PART.**  Limited discovery, as set forth above, shall be conducted.  Plaintiffs' response to the pending motion for partial summary judgment shall be due on or before December 29, 2006.  The Court reaffirms, as a final decision, that Travelers must pay Plaintiffs' costs of defense in the Gilliland Action for the reasons set forth in the opinion of May 10, 2006.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Robert L. Allman, II, Esquire
            Email: allman@marcus-shapira.com
        Scott D. Livingston, Esquire
            Email: livingston@marcus-shapira.com
        Tammy R. Daub, Esquire
            Email: tdaub@rdblaw.com
        Cathy A. Simon, Esquire
            Email: csimon@rdblaw.com
        Gabriela Richeimer, Esquire
            Email: gricheimer@rdblaw.com