IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE MCPEEK and JONATHAN K. )
HERGERT, )
                                         )
                Plaintiffs, )
     v. )
                                         )   2:06-cv-114
TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA, )
                                         )
                Defendant. )

## MEMORANDUM ORDER

Before the Court for consideration and disposition are cross-motions for partial summary judgment: MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II AND COUNT III OF THE COMPLAINT BY TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (Document No. 26) and MOTION FOR SUMMARY JUDGMENT ON LIABILITY ON COUNTS II AND III BY ANNETTE MCPEEK, JONATHAN K. HERGERT (Document No. 46). The issues have been fully briefed, and the motions are ripe for resolution.

### Background

On January 27, 2006, Plaintiffs Annette McPeek and Jonathan K. Hergert ("McPeek" and "Hergert," and collectively "Plaintiffs") filed a three-count Complaint against Defendant Travelers Casualty and Surety Company of America ("Defendant"). Count I seeks a declaration of their right to the advancement of their defense expenses in a related action (the *Gilliland* Action) presently pending before the undersigned. Counts II and III allege that Defendant's refusal to advance their defense expenses constitutes bad faith under a Pennsylvania statute, 42 Pa.C.S.A. § 8371, and the common law, respectively.

On May 10, 2006, the Court issued a Memorandum Opinion and Order which denied Plaintiffs' motion for preliminary injunction but concluded, based on the unambiguous language of the Policy, that coverage should have been extended in the Gilliland Action. Travelers then reimbursed Plaintiffs' costs of defense in the Gilliland Action and has complied with the Court's

conclusion, which resolved Count I. On November 3, 2006, the Court issued a Memorandum Order which, among other things, permitted Plaintiffs to take the deposition of Brett Arruda, the Defendant's claims manager who made the decision to deny coverage.

### Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

### Discussion

There are two causes of action at issue: (1) statutory bad faith pursuant to 42 Pa. C.S.A. § 8371; and (2) common law bad faith. Both Plaintiffs and Defendant seek summary judgment on each count. The Court will review the elements of these claims – noting that the guidelines for proving a common law bad faith claim are somewhat unsettled.

A.     Legal Principles

In *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit set forth the elements of a statutory bad faith claim as follows:

> The standard for bad faith claims under § 8371 is set forth in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994), *appeal denied*, 540 Pa. 641, 659 A.2d 560(1995). There, the Pennsylvania Superior Court applied a two-part test, both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis.

*Klinger* rejected dicta in *Terletsky* and concluded that a plaintiff need not demonstrate an improper motive or ill will on the part of the insurer. *Id.* However, *Klinger* did not reject the statement in *Terletsky* that "mere negligence or bad judgment is not bad faith." 649 A.2d at 688.

The common law bad faith claim is, in actuality, a claim for breach of contract. Every contract carries an implied duty to act in good faith. This claim is separate and distinct from the statutory bad faith claim. In *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 236 (3d Cir. 2003) (citing *Birth Center v. St. Paul Co.*, 787 A.2d 376 (Pa. 2001)), the Third Circuit explained:

> "where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its contractual duty to act in good faith, and its fiduciary duty to its insured." *Birth Center*, 787 A.2d at 389. The court specifically stated that "Section 8371 ... does not alter The Birth Center's common law contract rights.... The statute does not reference the common law, does not explicitly reject it, and the application of the statute is not inconsistent with the common law. Consequently, the common law remedy survives." *Id.* at 386.

In his concurring opinion in *Birth Center*, 787 A.2d at 390, Justice Nigro summarized the state of Pennsylvania law:

> there are two separate "bad faith" claims that an insured can bring against an insurer-a contract claim for breach of the implied contractual duty to act in good faith, and a statutory bad faith tort claim sounding in tort under 42 Pa.C.S. § 8371. Pursuant to the contract claim, an insured may recover traditional contract damages, including compensatories. Pursuant to the statutory claim, however, the insured may recover only those damages specifically set forth in 42 Pa.C.S. § 8371, i.e., punitive damages, attorney fees, court costs and interest.

The actual elements of the common law bad faith claim are somewhat uncertain. In

3

*DeWalt v. The Ohio Cas. Ins. Co.*, 2007 WL 1101273 *7 (E.D. Pa. April 10, 2007), a sister court recently observed: "Pennsylvania law, although clear that *Terletsky* does not apply to bad faith claims based in contract, is unclear as to what the standard should be for such claims. Neither the Pennsylvania state courts nor the courts of this circuit have set out an explicit definition of "bad faith" for contract actions based on *Cowden* or articulated the elements for such claims."

On one hand, some courts have treated claims for breach of a contractual duty of good faith as any other breach of contract claim, requiring a plaintiff to demonstrate only the existence of a contract, breach and resulting damages. *See, e.g., Northview Motors Corp. v. Chrysler Motor Co.*, 227 F.3d 78, 91-92 (3d Cir. 2000). On the other hand, there is a plausible argument for applying the *Terletsky* standard, since both the common law and statutory bad faith claims arose out of a common understanding of "bad faith" as a term of art in the insurance context. *See DeWalt* at *7.

The *DeWalt* Court took a third, middle ground based on *Cowden v. Aetna Cas. & Surety Co.*, 134 A.2d 223 (Pa.1957), which has been recognized as the best articulation of the common law bad faith claim. Under *DeWalt*'s reading of *Cowden*, the Pennsylvania Supreme Court "emphasized that evidence showing only 'bad judgment' was insufficient for liability and stated that *'bad faith and bad faith alone* was the requisite to render the defendant liable.' The court further held that an insurer's bad faith must be proved by 'clear and convincing evidence.'" *DeWalt* at *4 (citations omitted) (emphasis in original). *DeWalt* also recognized that based on *Haugh*, an insured may establish bad faith based on the insurer's negligence or unreasonableness. *Id.* at *8. Thus, in ruling on a motion for summary judgment, the *DeWalt* Court considered whether a reasonable jury could find by clear and convincing evidence that the insurer's conduct was unreasonable or negligent.

The "clear and convincing evidence" standard impacts the Court's analysis by increasing the burden on the insured. As explained in *Dewalt*:

> The Court, however, is also "required to take any heightened standard of proof into account" in deciding a motion for summary judgment. *Babayan*, 430 F.3d at

>   129. Here, because both the statutory and contract claims for bad faith must be proven by clear and convincing evidence, Mr. DeWalt's burden "in opposing a summary judgment motion brought by the insurer is commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial." *Id*. at 137.

*Id.* at *9. This Court is persuaded by the analysis in *DeWalt* and will apply the test for common law bad faith and the more rigorous standard of review set forth in that opinion.

>   B.   Application to the Record

Plaintiffs vigorously contend that Travelers relied on an unreasonable interpretation of contractual exclusion A(10) for claims "arising out of" an express contract,[1] relied on the decision of an inexperienced claims examiner, Brett Arruda, who failed to do sufficient research and analysis of the claim, failed to consider the proviso in exclusion A(10) or the "imputed liability" exception in Section IV, and failed to reconsider its decision. Defendant counters, with equal fervor, that its decision was based on a thorough analysis of the policy language and the averments of the *Gilliland* complaint, that its interpretation of the "arising out of" language had support in the case law, that Brett Arruda was an experienced claims handler who properly evaluated the claim, and that he did reconsider his conclusion at Plaintiffs' request.[2] Each side provides numerous citations to the deposition testimony of Mr. Arruda, which the Court has reviewed in its entirety.

At the summary judgment stage, particularly as amplified by Plaintiffs' duty to demonstrate bad faith by clear and convincing evidence, the Court is required to view the record in the light most favorable to the non-moving party. On this record, the Court cannot conclude

---

[1] This Court determined that Travelers' interpretation of the policy was, at a minimum, incorrect because the *Gilliland* complaint alleged tortious misrepresentations by McPeek and Hergert which preceded any contractual relationship.

[2] Defendant also argues that the common law bad faith claim is invalid because it already agreed to advance defense costs. This argument is rejected. Plaintiffs may seek to be returned to the position they would have occupied had Travelers not breached the contract. *Klinger*, 115 F.3d at 236.

5

that either party is entitled to judgment as a matter of law. Defendant's motion may be denied without extensive discussion. A jury could readily find statutory bad faith, in that Travelers did not have a reasonable basis for its denial of coverage and that it knew or recklessly disregarded its lack of a reasonable basis. Under the common law bad faith claim, a jury could conclude that there is clear and convincing evidence that Traveler's denial of coverage was unreasonable or negligent. Plaintiffs' motion is a much closer call. The textual and legal support for Traveler's interpretation of the policy is lacking and there appears to have been minimal research done before denying the claim, particularly as to the "proviso" in A(10) and the imputation exclusion in section IV. Despite Arruda's protestations to the contrary, it is difficult to accept that he undertook his decision-making process "with an eye to afford coverage." Nevertheless, when viewing the record in the light most favorable to Travelers, a jury could conclude that the denial of coverage was simply an error and that there is not clear and convincing evidence of bad faith.

Accordingly, the summary judgment motions filed by each side will be denied. The Court notes that the parties are entitled to a jury trial in this Court, even though they would not be entitled to a jury trial under section 8371 in state court. *See W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 309 n.1 (3d Cir. 2003).

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II AND COUNT III OF THE COMPLAINT BY TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (Document No. 26) is **DENIED** and the MOTION FOR SUMMARY JUDGMENT ON LIABILITY ON COUNTS II AND III BY ANNETTE MCPEEK, JONATHAN K. HERGERT (Document No. 46) is **DENIED**.

Plaintiffs shall file a pre-trial statement on or before **July 27, 2007**. Defendant shall file a pre-trial statement on or before **August 27, 2007**. A pretrial Conference is scheduled before the

undersigned on **Thursday, August 30, 2007 at 9:00 A.M.** in Courtroom 6C, 6th Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219.

SO ORDERED this 27th day of June, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Robert L. Allman, II, Esquire
Email: allman@marcus-shapira.com
Scott D. Livingston, Esquire
Email: livingston@marcus-shapira.com

Tammy R. Daub, Esquire
Email: tdaub@rdblaw.com
Cathy A. Simon, Esquire
Email: csimon@rdblaw.com
Gabriela Richeimer, Esquire
Email: gricheimer@rdblaw.com